DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Tracey A. Malson, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, finding her in contempt of court. This Court reverses.
 I. {¶ 2} Appellant and Appellee, Jeffrey M. Berger, were divorced on October 2, 2000. Since that time, the parties have routinely appeared in court over disputes regarding child support payments, the initial property distribution, and visitation time with the parties' three children. On March 31, 2004, Appellant filed a motion with the trial court seeking a contempt finding based on Appellee's failure to pay his child support obligation. Prior to the trial court's ruling on Appellant's motion, Appellee filed a motion for modification of visitation and enforcement of the parties' divorce decree.
 {¶ 3} On December 1, 2004, the trial court held a hearing on Appellee's motion to determine whether Appellant had violated the parties' visitation schedule. Following the testimony of Appellant, Appellee, and a counselor who had worked with Appellant and one of the minor children, the magistrate found that Appellant was in contempt. The magistrate found that Appellee had not seen one of his children in nearly seven months and that his lack of visitation was caused by Appellant's actions. Appellant objected to the magistrate's decision, asserting that she had not violated any court order. The trial court overruled Appellant's objections, found her in contempt, and sentenced her to seven days in jail. Appellant timely appealed the contempt finding, asserting one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN FINDING APPELLANT IN CONTEMPT OF COURT BECAUSE THE SUBJECT ORDER DID NOT IMPOSE ON APPELLANT ANY AFFIRMATIVE DUTY TO DO, OR REFRAIN FROM DOING, ANY PARTICULAR ACT."
 {¶ 4} In her sole assignment of error, Appellant urges that the trial court erred in finding her in contempt of court. Specifically, Appellant asserts that no court order imposed any duty on her to perform any act. We agree.
 {¶ 5} We begin our discussion by noting that Appellee did not file an appellate brief. This Court may, therefore, accept Appellant's statement of the facts and issues as correct and reverse the trial court's judgment if Appellant's brief reasonably appears to sustain such action. See App.R. 18(C).
 {¶ 6} This court will not overturn a lower court's determination in a contempt proceeding absent an abuse of discretion. See State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 11. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 7} "Contempt of court is defined as disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions."Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph one of the syllabus. Specifically, indirect contempt of court is contempt "committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice." In re Lands (1946), 146 Ohio St. 589, 595. R.C.2705.02, which enumerates acts that are in indirect contempt of court, provides in relevant part:
"A person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[.]"
In addition to the statutory basis established by R.C. 2705.02, courts have inherent authority to punish disobedience of their orders through contempt proceedings. See Zakany v. Zakany
(1984), 9 Ohio St.3d 192, 194.
 {¶ 8} More than four years prior to the instant action, on January 3, 2001, the magistrate noted as follows:
"The period following the filing of the complaint for divorce has been filled with motions, accusations, and general ill-will that is having a very negative effect on the children, both emotionally and financially."
As evidenced by the record before this Court, ill-will has continued and continues to impact the children in a negative manner. However, a history of disagreements cannot form the basis for contempt.
 {¶ 9} In its journal entry, the trial court noted as follows:
"Plaintiff is correct in asserting that there were no formal court `orders.' However, when this Court memorialized an agreement between the parties that they would set a schedule themselves, it was not anticipated that there would be no contact between Defendant and his daughters for seven months."
The trial court then went on to note that Domestic Relations Local Rule ("D.R.L.R.") 23 provides that the court's shared parenting time schedule would be the default order of the court in the absence of an agreement by the parties. However, D.R.L.R. 23 is not self-executing. The trial court must take an affirmative step in order to impose its standard shared parenting schedule.
"It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." Collette v. Collette
(Aug. 22, 2001), 9th Dist. No. 20423, at *3, quoting Ex ParteQuevedo (Tex.App. 1981), 611 S.W.2d 711, 713.
 {¶ 10} Despite their initial assertions, the parties have never reached a formal long-term agreement regarding visitation. In fact, the parties have appeared multiple times following the divorce decree in order to determine visitation schedules. Despite this ongoing dispute, the trial court never imposed the court's shared parenting time schedule on the parties. Accordingly, the terms of visitation were left to be reached by agreement of the parties.
 {¶ 11} Appellee admitted during the contempt hearing that he had gone months without seeing his children on prior occasions by his own choice. Further, during the seven-month period that he did not see his children, Appellee never sought to modify his visitation rights, despite having made such motions on previous occasions. Rather, Appellee filed his motion for contempt only after Appellant filed a contempt motion for Appellee's failure to pay child support.
 {¶ 12} Despite this, Appellee urged in the trial court that the fact that he had not seen his daughters in seven months was evidence that Appellant had failed to negotiate a visitation schedule with him. We readily acknowledge that in an ideal setting, such a result would never be encountered. Rather, the parties would cooperate fully and the children would enjoy visitation with both parents without incident. However, the domestic relations court has adopted procedures to prevent the disruption in visitation that occurred herein. D.R.L.R. 23 provides as follows:
"The Court's Parenting Time Schedule, as amended from time to time, shall be the default order of parenting time in the absence of an agreement by the parties * * *."
The trial court's standard schedule places specific duties on the custodial parent. Those duties were never imposed in the instant manner.
 {¶ 13} The trial court never imposed any specific visitation obligations upon Appellant. In addition, in its journal entry, the trial court relied upon Smith v. Smith (1980),70 Ohio App.2d 87, for the proposition that Appellant must do more than simply encourage the children to visit their father. However, inSmith the court had set a visitation schedule with which the mother had failed to comply. Id. The instant case contains no such visitation schedule. Accordingly, the trial court abused its discretion in finding that Appellant was in contempt when no clear duties or obligations were imposed upon her. Appellant's sole assignment of error is sustained.
 III. {¶ 14} Appellant's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
No costs are taxed.
Exceptions.
Reader, J. Concurs.