[Cite as *Cleveland v. Serrano*, 2021-Ohio-1586.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | | Nos. 109754, 109755, and 109857 |
| v. | : | |
| ANGEL SERRANO, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 6, 2021

Criminal Appeal from the Cleveland Municipal Court
Case Nos. 2020 CRB 001525, 2019 CRB 012751,
and 2020 CRB 001239

### *Appearances:*

Barbara A. Langhenry, Cleveland Director of Law, Aqueelah A. Jordan, Chief Prosecutor, and Joan M. Bascone, Assistant Prosecutor, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, *for appellant.*

MARY J. BOYLE, A.J.:

{¶ 1} This appeal presents us with the question of whether trial courts can charge offenders with criminal contempt for violating the terms of their community

control sanctions. We hold that pursuant to R.C. 2929.25, which governs misdemeanor community control sanctions, they cannot.

{¶ 2} Defendant-appellant, Angel Serrano, appeals from several judgments of the Cleveland Municipal Court. He raises seven assignments of error for our review:

> 1. The trial court erred and violated Angel Serrano's state and federal due process rights when it convicted him of contempt in [Cleveland M.C. No.] 2020 CRB 001239 without providing him adequate notice of the charge.
>
> 2. The trial court erred and violated Angel Serrano's state and federal due process rights when it convicted him of contempt in [Cleveland M.C. No.] 2020 CRB 001525 without legally sufficient evidence.
>
> 3. The trial court erred in finding the defendant guilty of criminal contempt for violating a condition of community control.
>
> 4. The trial court erred and violated Angel Serrano's state and federal constitutional protections against double jeopardy when Serrano was prosecuted and punished both for violating a condition of probation and for contempt of court for violating that very same condition.
>
> 5. The trial court lacked jurisdiction to hold any further hearings and impose any other order in the two contempt cases (2020 CRB 001239 and 2020 CRB 001525) after the common pleas court issued a writ of habeas corpus in conjunction with those two cases.
>
> 6. The trial court violated Angel Serrano's constitutional protection against being placed in double jeopardy when it imposed multiple punishments for the same probation violation.
>
> 7. The trial court violated the defendant's rights when it miscalculated Serrano's jail credit in [Cleveland M.C. No.] 2019 CRB 012751.

{¶ 3} We find merit to Serrano's first, second, third, part of his sixth, and seventh assignments of error. We therefore reverse the judgments of the trial court and remand for the trial court to implement the mandates set forth in this opinion.

## I. Procedural History

{¶ 4} In October 2019, in 2019 CRB 012751, Serrano pleaded guilty to attempted aggravated menacing in violation of Cleveland Codified Ordinance ("CCO") 601.08, a second-degree misdemeanor. Serrano faced a maximum penalty of 90 days in jail for this offense, plus a maximum fine of $750.

{¶ 5} According to the state, Serrano and the victim have a child together. In July 2019, Serrano went to the victim's house, got into a verbal argument with her, and she called the police. The victim stated that Serrano threatened to "come back and kick her ass" when the police left. He also told the victim that if he got "arrested, he would not be in jail forever, and that when he got out, he would be back." The trial court sentenced him to three years of active community control sanctions with a 90-day suspended jail sentence. The trial court imposed a no-contact order as a condition of Serrano's community control sanctions.

{¶ 6} Serrano was arrested on January 22, 2020. Serrano states in his brief that it was because he failed to show for a review hearing, but there is no record of that in the case. Rather, it appears that he was arrested for violating the no-contact order. According to both the state and Serrano, Serrano was held in custody on "no bond" from January 22 until February 3, 2020.

{¶ 7} On January 28, 2020, Serrano was charged with criminal contempt in 2020 CRB 001239 ("first contempt case"). The criminal complaint alleged that "[o]n or about January 12, 2020, [he] did violate the no contact order by going to the victim's address in direct violation of court order." The trial court issued a

"Summons Upon Complaint" on January 30, 2020, charging Serrano with "Contempt of Court — First Offense" and ordering him to appear on February 3, 2020.

{¶ 8} In the attempted aggravated menacing case, the trial court issued an order for Serrano to appear on February 3, 2020, for "contempt for violating no contact."

{¶ 9} The trial court held a hearing on both the criminal contempt and the community control sanctions violation in the attempted aggravated menacing case on February 3, 2020. Serrano told the court that he went to the victim's house because he "had to take something for the baby and [he] had to go to that house." The trial court found Serrano in contempt and stated that he had served 12 days in jail. Defense counsel objected "because [Serrano had] not been arraigned on the contempt matter yet." The trial court replied, "He doesn't need an arraignment for a direct contempt. He needs a hearing, which he's having." The trial court further stated that it found Serrano guilty of contempt "because he's admitted that he violated my order." The trial court then stated, "Credit for 12 days. Suspending 18." The trial court explained that Serrano had been in jail for 12 days at that point, but that he had "102 days left with the remaining days from the contempt and the 90 days from the original sentence." The trial court stated that the no-contact order remained in effect. The trial court told Serrano that if he violated its order again, he would "serve every one of those days." Serrano was released from jail that day.

{¶ 10} On February 4, 2020, Serrano was arrested in Cuyahoga C.P. No. CR-20-648501 and charged with menacing by stalking, a fourth-degree felony, and violation of a protection order, a first-degree misdemeanor. The charges alleged that the incidents took place from January 12, 2020, through February 4, 2020 (Serrano was in jail for part of that time, from January 22 to February 3, 2020).[1]

{¶ 11} Based upon the conduct alleged in the February 4 charges, Serrano was also charged with criminal contempt in 2020 CRB 001525 ("second contempt case") for violating his community control sanctions in the attempted aggravated menacing case. The complaint alleged that "[o]n or about February 3, 2020, [Serrano] did violate the no contact order by going to the victim's address in direct violation of court order."

{¶ 12} The trial court held a hearing on both the criminal contempt and the community control sanctions violation on March 10, 2020. At the beginning of the hearing, Serrano's defense counsel told the court that they were there for a pretrial on the second contempt case. Counsel requested a date for trial. The trial court replied, "He has a contempt charge from not following my probation order. I don't know what this trial thing is about. He can have a hearing now." After some discussion, defense counsel asked the court if Serrano's second contempt case was for direct or indirect contempt. The trial court responded, "Direct. He went directly to the victim's house, after being told, in court, to have no contact with the victim."

---

[1] Serrano states that he pleaded guilty to fifth-degree felony attempted menacing by stalking and a first-degree misdemeanor violation of a protection order.

**{¶ 13}** Defense counsel then asked the court if the "probation matter" could be continued until the felony case was completed. The trial court denied the request, stating that it had already released Serrano three times and "every single time," he had "gone straight" to the victim's house. The trial court found Serrano guilty of contempt and sentenced him to 30 days in jail. The trial court also found Serrano in violation of his community control sanctions, sentenced him to 60 days consecutive to his 30 days in the contempt case. The trial court noted that Serrano would serve his 30 days for contempt first.

**{¶ 14}** On April 9, 2020, the city requested a hearing and moved the court to "reinstate 3/10/2020 sentence or institute GPS to address victim's safety." According to the city's motion, it was informed on April 7, 2020, that Serrano was being released from jail that day. The city immediately notified the victim, who was not aware that Serrano was being released. The city learned that Serrano filed a writ of habeas corpus on March 19, 2020 "in a case captioned Angel Pabon-Serrano v. David Shilling, SD-20-78053." A common pleas court judge ordered Serrano be released on March 20, 2020, but he was not released until April 7, 2020. The city stated that it was not served with the writ and did not learn that Serrano had filed it until after the hearing on the writ. The city argued that the writ order releasing Serrano from jail violated Marsy's Law because neither the city nor the victim were notified.

**{¶ 15}** Serrano responded, asserting that a hearing would be inconsistent with the court's "third administrative order" that it issued in response to Covid-19

on April 9, 2020. Defendant claims that according to this order, "[a] single judge [was] appearing on a weekly basis to address cases involving defendants in jail," and that "[c]riminal matters scheduled on an individual judge's personal docket [were] continued for at least ten weeks."

{¶ 16} Serrano further argued in his response to the city's motion that (1) he had served more than 60 days in jail and had already satisfied the sanction in the attempted aggravated menacing case (Serrano asserted that he had served 76 days in jail, from January 22, 2020 until April 7, 2020 (with the exception of a single day), and therefore, "there [was] no jail sentence to reinstate"), (2) the sanctions imposed by the criminal contempt were extinguished by the writ of habeas corpus when a common pleas court judge found "that Serrano's continued incarceration for contempt of court at this time is counter to findings of public safety and constitutional rights as previously determined by this court[,]" and (3) that the municipal court could not impose an additional community control sanction without a finding of a new violation so the court cannot "outfit" Serrano with a GPS monitor.

{¶ 17} According to Serrano, he was not released when the trial court issued the writ, "at least in part" due to the Cleveland Municipal Court's failure to notify the jail of [his] jail credit." Accordingly, Serrano served an additional 16 days in excess of this 60-day sentence for violating his community control sanctions in the attempted aggravated menacing case.

**{¶ 18}** The trial court held an "emergency hearing" on the city's motion on April 16, 2020. At the outset of the hearing, the trial court stated that Serrano did not serve all of his jail time in his cases. Defense counsel disagreed with the trial court's statement.

**{¶ 19}** The city then told the court that after reading Serrano's response, it did not agree that Serrano had been in jail for 76 days. It was the city's position at the hearing that he was entitled to 64 days of jail credit (the city now maintains that Serrano is entitled to 67 days).

**{¶ 20}** The court explained that according to its March 10, 2020 journal entry, Serrano was supposed to serve the sentence for his second contempt case first, which would not have ended until April 10. The court stated that because Serrano was released on April 7, "he never served the 60 days." The court stated that it would recalculate the days and ended the hearing.

**{¶ 21}** The court issued several judgments later that same day. In 2019 CRB 12751, the trial court imposed a 90-day sentence, suspending 25 of them (instead of the original 30, increasing Serrano's original sentence from 60 to 65 days). It also gave him 35 days of jail credit even though the city told the court that he was entitled to at least 64 days of jail credit. The trial court also ordered that Serrano wear a GPS monitor.

**{¶ 22}** In 2020 CRB 001239, the trial court issued a new sentencing entry imposing 30 days in jail and suspending 15 days. In the original sentence for the

first contempt, the trial court gave him credit for 12 days and suspended 18 days. Thus, the trial court increased Serrano's sentence in this case by 3 days.

{¶ 23} In 2020 CRB 001525, the trial court issued a new sentencing entry stating that "case to precede sentence for 2020 CRB 012751" and that on March 10, 2020, it imposed a sentence of 30 days in jail, gave him credit for 27 days, and stated that Serrano still had 3 days to serve because a common pleas court judge ordered that he be released early, on April 7, 2020.

{¶ 24} The trial court also scheduled another hearing on the matters for June 8, 2020, but Serrano appealed the judgments in all three cases. This court granted Serrano's request to stay execution of judgment pending appeal.

## II. Criminal Contempt

{¶ 25} In his first four assignments of error, Serrano challenges his contempt convictions. In his first two assignments of error, he argues that the trial court failed to give him adequate notice in the first contempt case and that it lacked sufficient evidence in the second contempt case. In his third and fourth assignments of error, he argues that the trial court improperly found him guilty of criminal contempt and violating his community control sanctions based on the same conduct in both contempt cases, contravening the Ohio Revised Code and the Double Jeopardy Clause. We will begin with the third assignment of error because it is dispositive.

### A. R.C. 2929.25

{¶ 26} In his third assignment of error, Serrano argues that the Ohio Revised Code does not permit a trial court to charge defendants who violate the conditions of their community control sanctions with criminal contempt. We agree.

{¶ 27} In its first notice of conceded error, the city asserted that because Serrano's first and second assignments of error had merit, Serrano's third assignment of error was moot. We disagree. If the trial court could not charge Serrano with contempt for violating the conditions of his community control sanctions under the Ohio Revised Code, then this argument is not moot because the trial court cannot again charge him with contempt upon remand.

{¶ 28} This court long ago held that the "proper procedure for punishing an offender for violation of probation is that governed by R.C. 2951.09, not a contempt hearing." *Shaker Hts. v. Hairston*, 8th Dist. Cuyahoga No. 74435, 1998 Ohio App. LEXIS 5955, 13 (Dec. 10, 1998); *see also State v. Smith*, 7th Dist. Mahoning No. 01 CA 187, 2002-Ohio-6710, ¶ 8 (holding that where the defendant failed to attend court-ordered counseling sessions that constituted a term of his probation, the proper action was termination of probation rather than contempt); *State v. Louden*, 2d Dist. Champaign No. 97-CA-05, 1997 Ohio App. LEXIS 4739 (Oct. 24, 1997) (contempt is not the proper procedure for punishing an offender for a violation of probation); *State v. Jacobs*, 3d Dist. Marion No. 9-2000-15, 2000 Ohio App. LEXIS 3052 1 (June 29, 2000) ("[T]he municipal court erroneously treated the action as an indirect contempt proceeding rather than a probation revocation hearing."); *but see State v. Patton*, 10th Dist. Franklin No. 06AP-665, 2007-Ohio-1296, ¶ 12

("Unquestionably, the preferred method for dealing with [violations of community control sanctions] would be the institution of revocation proceedings," but courts have broad authority to use contempt in those actions as well.).

{¶ 29} R.C. 2951.09 was repealed in January 2004 and governed revocation of probation in misdemeanor cases prior to the enactment of R.C. 2929.25. *State v. Drake*, 2d Dist. Montgomery No. 21939, 2007-Ohio-6586, ¶ 35; *State v. Kubina*, 7th Dist. Mahoning No. 17 MA 005, 2017-Ohio-8031, ¶ 12. Although R.C. 2951.09 has been repealed, R.C. 2929.25(D)(2) now provides:

> If an offender violates any condition of a community control sanction, the sentencing court may impose upon the violator one or more of the following penalties:
>
> (a) A longer time under the same community control sanction if the total time under all of the community control sanctions imposed on the violator does not exceed the five-year limit specified in division (A)(2) of this section;
>
> (b) A more restrictive community control sanction;
>
> (c) A combination of community control sanctions, including a jail term.

{¶ 30} After review, we reaffirm our holding in *Hairston.* Based upon the plain language of R.C. 2929.25(D)(2), courts cannot charge offenders who violate the conditions of their community control sanctions with criminal contempt. If courts were permitted to charge and sentence offenders with criminal contempt for violating the conditions of their community control sanctions, courts could get around the maximum sentence offenders faced for their misdemeanor conviction. We do not believe the legislature intended such authority.

{¶ 31} Accordingly, Serrano's third assignment of error is sustained. We therefore vacate Serrano's contempt convictions in both cases.

## B. Direct versus Indirect Contempt

{¶ 32} Before we get to Serrano's remaining arguments regarding criminal contempt, we note that the trial court incorrectly stated that Serrano's contempts in both contempt cases were direct contempt. On February 3, 2020, Serrano and his counsel appeared for a hearing. Serrano's counsel noted that they were there for an arraignment on Serrano's first contempt case. But the trial court told the parties that an arraignment was not necessary for direct contempt. In the second contempt case, when defense counsel explained that they were there on a pretrial for the second contempt case, the trial court responded that he was having a hearing on the contempt now. When defense counsel asked if the second contempt was direct or indirect contempt, the trial court responded, "Direct. He went directly to the victim's house, after being told, in court, to have no contact with the victim."

{¶ 33} Serrano's contempts, however, were not direct contempts. His actions took place outside of the presence of the trial court. Assuming for the sake of argument that the trial court could charge Serrano with criminal contempt for his actions, both charges would have been for indirect contempt, not direct.

{¶ 34} The fundamental distinction between direct contempt and indirect contempt lies in the location of the act of contempt — whether it takes place within the presence of the judge, or elsewhere. "A direct contempt is one committed in the presence of or so near the court as to obstruct the due and orderly administration of

justice." *In re Lands*, 146 Ohio St. 589, 595, 67 N.E.2d 433 (1946). "It is said that direct contempt takes place in the presence of the court, and indirect contempt is all other contempt." *Cincinnati v. Cincinnati Dist. Council 51*, 35 Ohio St.2d 197, 201, 202, 299 N.E.2d 686 (1973). The significance of the location is directly related to the issue whether the judge has personal knowledge of the contemptuous act. *Id.*

{¶ 35} In direct contempt proceedings, courts have the inherent power to summarily punish a contemnor. *Zakany v. Zakany*, 9 Ohio St.3d 192, 459 N.E.2d 870 (1984), syllabus. This is because "[w]hen a judge has viewed and/or heard such misbehavior, he or she is said to have personal knowledge of the contemptible actions." *Warren v. DeMarco*, 11th Dist. Trumbull No. 2003-T-0052, 2004-Ohio-3191, ¶ 14, citing *In re Neff*, 20 Ohio App.2d 213, 222, 254 N.E.2d 25 (5th Dist.1969). To "summarily" punish means "the court is not required to accord the person the usual procedural rights of due process, such as the filing of process or the taking of evidence." *Quirke v. Quirke*, 11th Dist. Ashtabula No. 92-A-1755, 1996 Ohio App. LEXIS 4110, 6-7 (Sept. 20, 1996), citing *Fed. Land Bank Assn. v. Walton*, 99 Ohio App.3d 729, 734, 651 N.E.2d 1048 (3d Dist.1995).

{¶ 36} There is no question that the trial court charged Serrano with criminal contempt in both contempt cases. "[C]riminal contempt is a crime in every fundamental respect[.]" *Bloom v. Illinois*, 391 U.S. 194, 201, 88 S.Ct. 1477 1482, 20 L.Ed.2d 522 (1968). "The most important consequences arising from this classification of contempts is that many of the significant constitutional safeguards required in criminal trials are also required in criminal contempt proceedings."

*State v. Kilbane*, 61 Ohio St.2d 201, 205, 400 N.E.2d 386 (1980).  This includes the right to due process.  *Id.*; *Segovia v. Likens*, 179 Ohio App.3d 256, 2008-Ohio-5896, 901 N.E.2d 310, ¶ 25 (10th Dist.).  "Due process 'requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation.'"  *Courtney v. Courtney*, 16 Ohio App.3d 329, 332, 475 N.E.2d 1284 (3d Dist.1984), quoting *In re Oliver*, 333 U.S. 257, 275, 68 S.Ct. 499, 92 L.Ed. 682 (1948).

{¶ 37} Further, "the standard of proof required in criminal contempt proceedings is proof of guilt beyond a reasonable doubt and a contemnor cannot be given a criminal contempt sanction unless proven guilty beyond a reasonable doubt."  *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 252, 416 N.E.2d 610 (1980).  However, because "[a] community control revocation hearing is not a criminal trial, * * * the state is not required to establish a violation of the terms of community control beyond a reasonable doubt."  *State v. Cox*, 8th Dist. Cuyahoga No. 105932, 2018-Ohio-748, ¶ 16, citing *State v. Davis*, 8th Dist. Cuyahoga No. 105299, 2017-Ohio-8873, ¶ 14.  Instead, the state must present substantial proof that a defendant violated the terms of his community control sanctions.  *Id.*

### C.  Notice and Proof of Guilt

{¶ 38} Regarding Serrano's arguments in his first and second assignments of error — that the trial court failed to give him adequate notice in the first contempt

case and that it lacked sufficient evidence to find him guilty beyond a reasonable doubt in the second contempt case — the city concedes the errors, and we agree. Serrano had been summoned to appear for the contempt on February 3, 2020, but that was his first appearance on the matter. For the second contempt case, without taking any evidence, the trial court stated that Serrano went straight to the victim's house after being released from jail. This is not evidence, let alone proof of guilt beyond a reasonable doubt.

{¶ 39} Although we previously vacated both of Serrano's contempt convictions on statutory grounds, we find merit to the arguments he raised in his first and second assignments of error. Serrano's first and second assignments of error are therefore sustained.

### D. Double Jeopardy

{¶ 40} In his fourth assignment of error and part of his sixth assignment of error, Serrano argues that charging him with contempt in the two cases and imposing multiple punishments violated his double jeopardy rights. However, "'[i]t is well settled that [appellate courts] will not reach constitutional issues unless absolutely necessary.'" *In re D.S.*, 152 Ohio St.3d 109, 2017-Ohio-8289, 93 N.E.3d 937, ¶ 7, quoting *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 9. Therefore, courts "should avoid reaching a constitutional question when "other issues are apparent in the record which will dispose of the case on its merits." *Id.*, quoting *Greenhills Home Owners Corp. v. Greenhills*, 5 Ohio St.2d 207, 212, 215 N.E.2d 403 (1966). Because we have found that the trial court could not charge

Serrano with contempt for violating the conditions of his community control sanctions based on statutory grounds, we decline to reach his double jeopardy arguments.

### III. Jurisdiction

{¶ 41} In his fifth assignment of error, Serrano maintains that the trial court lacked jurisdiction to impose any other orders in the contempt case after the common pleas court judge issued a writ of habeas corpus with respect to those cases. Serrano admits, however, that if this court vacates his contempt convictions, this assignment of error is moot. We therefore do not need to address this argument.

{¶ 42} In part of his sixth assignment of error, Serrano further contends (in addition to his double jeopardy argument) that the trial court lacked jurisdiction to increase his sentence from 60 to 65 days and order that he wear a GPS monitor at the emergency hearing on April 16, 2020, without Serrano committing a new violation of his community control sanctions. We agree.

{¶ 43} On March 10, 2020, the trial court held a community control sanctions violation hearing based upon Serrano's alleged violation of the no-contact order on February 3, 2020. The trial court found that Serrano violated his community control sanctions and ordered that Serrano be sentenced to 60 days in jail, which left 30 days suspended of his original 90-day suspended sentence.

{¶ 44} On April 16, 2020, the trial court held an emergency hearing after the common pleas court ordered Serrano be released from jail on a writ of habeas corpus. Without any new violation alleged, the trial court improperly increased

Serrano's jail sentence from 60 to 65 days in the April 16, 2020 judgment and imposed a new condition of his community control sanctions. *See State v. Saxon*, 8th Dist. Cuyahoga No. 104295, 2017-Ohio-93, ¶ 9, quoting *Bay Village v. Barringer*, 8th Dist. Cuyahoga No. 102432, 2015-Ohio-4079, ¶ 8 ("'[A] trial court can extend or impose more restrictive sanctions with the community control sanction * * * only if the offender violates the terms of community control.'"); *see also State v. Hooks*, 128 Ohio App.3d 750, 753, 716 N.E.2d 778 (8th Dist.1998) ("R.C. 2929.15(B) authorizes the post-sentencing imposition of more restrictive community control sanctions only if the original probationary conditions are violated.").

{¶ 45} Accordingly, we sustain Serrano's sixth assignment of error in part. Upon remand, we instruct the trial court to vacate its April 16, 2020 judgment in 2019 CRB 012751, leaving its March 10, 2020 judgment entry as Serrano's final sentencing entry in his attempted aggravated menacing case (sentencing him to 60 days in jail).

## IV. Jail Credit

{¶ 46} In his seventh assignment of error, Serrano contends that the trial court miscalculated his jail credit. Serrano contends that he is entitled to 76 days of jail credit. The city concedes that the trial court incorrectly calculated Serrano's jail credit but maintains that Serrano is entitled to 67 days (the city argued 64 days at the April 16, 2020 hearing but has now added 3 days to its calculation).

{¶ 47} The parties disagree about a 9-day period that took place from February 26 to March 9, 2020. There is no dispute that Serrano was in jail during this time, but the city contends that Serrano is not entitled to jail credit for this period because the trial court granted him a personal bond. Serrano argues, however, that the trial court entered a notation on the attempted aggravated menacing docket on February 26, 2020, that stated "personal bond," but that Serrano did not post a bond during this time, and thus, remained in custody.

{¶ 48} After review, we agree with Serrano. When a defendant does not post bond and remains in jail during the relevant period, the bond has no legal effect. *Cleveland v. Dixon*, 8th Dist. Cuyahoga No. 109295, 2020-Ohio-2728, ¶ 28. Serrano is therefore entitled to jail credit for the 9 days he remained in jail despite the trial court writing "personal bond" on the docket.

{¶ 49} After review, we find that Serrano is entitled to 76 days of jail credit: 3 days for July 30 to August 1, 2019; 13 days for January 22 to February 3, 2020; 8 days for February 4 to 11, 2020; 14 days for February 12 to 25, 2020; 9 days for February 26 to March 9, 2020; and 29 days for March 10 to April 7, 2020. He has therefore served 16 days in jail beyond his 60-day sentence in 2019 CRB 012751.

{¶ 50} We therefore sustain Serrano's seventh assignment of error.

{¶ 51} Judgments in the contempt cases reversed and vacated. Judgment in 2019 CRB 012751 entered on April 16, 2020 is vacated, leaving the March 10, 2020 judgment as the final sentencing entry in 2019 CRB 012751. The trial court is also instructed to issue a new entry giving Serrano 76 days of jail credit.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
LISA B. FORBES, J., CONCUR