[Cite as *State v. Hemphill*, 2022-Ohio-326.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 21CA011788 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES HEMPHILL | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 17CR096664 |

DECISION AND JOURNAL ENTRY

Dated: February 7, 2022

CARR, Judge.

{¶1} Appellant, James Hemphill, appeals the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands.

I.

{¶2} On July 26, 2017, the Lorain County Grand Jury indicted Hemphill on one count of theft. After initially pleading not guilty to the charge, Hemphill reached a plea agreement with the State and entered a guilty plea. The trial court imposed a three-year term of community control and specified that the term would end on May 16, 2021. The trial court ordered Hemphill to pay restitution, supervision fees, prosecution costs, and the cost of court-appointed counsel.

{¶3} After the community control term had expired, on July 23, 2021, the trial court issued a journal entry stating that it was extending Hemphill's community control time by two years at the request of a probation officer and for good cause shown.

{¶4}   Hemphill has appealed and he raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY SENTENCING APPELLANT TO A TWO-YEAR TERM OF COMMUNITY CONTROL EXTENSION MORE THAN TWO MONTHS AFTER [THE] ORIGINAL SENTENCE OF THREE YEARS COMMUNITY CONTROL HAD ENDED.

{¶5}   In his first assignment of error, Hemphill contends that the trial court was without authority to extend his community control.  This Court agrees.

{¶6}   As noted above, the trial court imposed a three-year community control term upon Hemphill and specified that it would end on May 16, 2021.  Approximately two months after the community control term had expired, the trial court issued a short journal entry ordering that Hemphill's time on community control be extended until May 16, 2023.  The trial court indicated that the extension would allow Hemphill to meet his obligations to the court.

{¶7}   R.C. 2929.15(B)(1)(a) provides that "[i]f the conditions of a community control sanction imposed for a felony are violated * * * the sentencing court may impose on the violator * * * [a] longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section[.]"  The Supreme court of Ohio has explained that a trial court "is authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, *provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration.*"  (Emphasis added.)  *State v. Rue*, 164 Ohio St.3d 270, 2020-Ohio-6706, ¶ 18, quoting *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, ¶ 13.  A trial court loses authority to initiate proceedings based on alleged community control violations after the term of community control has expired.  *See Rue* at ¶ 20.

**{¶8}** In this case, the State has conceded on appeal that the trial court did not have authority to extend Hemphill's community control term. The trial court here issued a journal entry extending Hemphill's community control time roughly two months after his term had expired. There is nothing in the record indicating that the trial court had initiated community-control violation proceedings prior to that date, much less made a finding that Hemphill had violated the terms of community control. Accordingly, the trial court lacked authority to extend Hemphill's community control time.

**{¶9}** Hemphill's assignment of error is sustained.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT PROVIDING
DUE PROCESS VIA A REVOCATION NOTIFICATION AND SUBSEQUENT
REVOCATION HEARING.

**{¶10}** In his second assignment of error, Hemphill maintains that the trial court violated his due process rights. As this Court's resolution of Hemphill's first assignment of error is dispositive of this appeal, we decline to address his due process claim as it has been rendered moot. *See* App.R. 12(A)(1)(c).

III.

**{¶11}** Hemphill's first assignment of error is sustained. This Court declines to address his second assignment of error as it has been rendered moot. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

JAMES HEMPHILL, pro se, Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.