**[Cite as *Akron v. Taylor*, 2026-Ohio-1949.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| CITY OF AKRON | C.A. No.    31577 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KELLY TAYLOR | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    24 CRB 00984 |

DECISION AND JOURNAL ENTRY

Dated: May 27, 2026

---

STEVENSON, Judge.

{¶1}    Defendant-Appellant Kelly Taylor appeals a journal entry of the Akron Municipal Court that found him guilty of contempt of court. For the following reasons, this Court reverses.

I.

{¶2}    Mr. Taylor was charged with endangering children in violation of Akron Code of Ordinances ("ACO") 135.17 and domestic violence in violation of ACO 135.16.  He pleaded guilty to the domestic violence charge in March 2024. The municipal court sentenced him to 180 days in jail and imposed a $150 fine. The court suspended the 180-day jail sentence and placed him on probation for 12 months on the condition that he complete the terms and conditions of community control which included services with Portage Path Behavioral Health and the COMPASS program. The endangering children charge was dismissed.

{¶3} The record shows that the trial court ordered Mr. Taylor to appear on April 17, 2024. Mr. Taylor's signature, however, is not on this appearance notice. Mr. Taylor signed appearance notices for July 10, 2024, August 21, 2024, and September 11, 2024.

{¶4} The trial court issued a warrant for Mr. Taylor's arrest on September 16, 2024. The trial court stated in this warrant that Mr. Taylor had failed to appear for court on September 11, 2024. Mr. Taylor turned himself in on September 23, 2024, and he appeared in court on September 30, 2024. The court ordered Mr. Taylor to appear for COMPASS on October 10, 2024. Mr. Taylor signed an appearance form acknowledging this order.

{¶5} An October 10, 2024, docket entry indicates that Mr. Taylor was charged with contempt. The trial court dismissed the contempt charge on October 11, 2024, and ordered that Mr. Taylor "now come to COMPASS biweekly." The State concedes Mr. Taylor's community control terminated no later than April 7, 2025.

{¶6} The trial court issued a show cause order on April 15, 2025, stating that Mr. Taylor violated the terms of probation when he was charged with a new offense and when he failed to report for COMPASS on five occasions. The court scheduled a show cause hearing for April 30, 2025. The record is not clear as to whether the show cause hearing went forward as scheduled. There are no charges or imposed sanctions on the record relating to the April 2025 show cause order.

{¶7} The trial court issued a show cause order on June 26, 2025, ordering Mr. Taylor to appear and "to show cause why the 180 days [in jail], which previously were suspended, should not now be imposed." Following a July 2, 2025, hearing, the court found Mr. Taylor in contempt and it ordered him to serve 30 days in a community alternative sentencing center and 30 days in jail, with 30 days suspended. The court ordered that "COMPASS probation is terminated" and

"closed" the case. It also put Mr. Taylor on "non[-]reporting probation for 6 months until case is completed."

{¶8} Mr. Taylor has appealed, asserting two assignments of errors for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED IN REVOKING [MR.] TAYLOR'S COMMUNITY CONTROL.**

{¶9} Mr. Taylor argues in his first assignment of error that the trial court erred in revoking his community control. He specifically argues the trial court lacked authority to revoke community control because the term of community control had ended. The City concedes that the authority of the trial court had expired when it revoked and modified the terms of Mr. Taylor's community control. It "concede[s] that the court's finding that [Mr.] Taylor committed criminal contempt is void and must be vacated."

{¶10} There is no dispute that Mr. Taylor's community control terminated no later than April 7, 2025, and the trial court held a hearing to address alleged violations of that community control on July 2, 2025. The trial court stated at the hearing that they were there "on a . . . Show Cause for Mr. Taylor" and defense counsel stated that they were there for "a Show Cause hearing for a contempt[.]" Defense counsel emphasized in closing that they were before the court for a contempt hearing and the City had "a burden to meet here on a contempt[.]" The trial court's post-hearing order noted that the charge against Mr. Taylor was for "**CONTEMPT OF COURT**."

{¶11} We recognize that contempt proceedings and community control violation proceedings are separate, distinct proceedings. *See Cleveland v. Serrano*, 2021-Ohio-1586, ¶ 26-30 (8th Dist.); *State v. Black*, 2011-Ohio-1273, ¶ 17 (2d Dist.); *Bellevue v. Greer*, 2025-Ohio-

5775, ¶ 27-29 (6th Dist.). This Court has acknowledged that "[a] trial court loses authority to initiate proceedings based on alleged community control violations after the term of community control has expired." *State v. Hemphill*, 2022-Ohio-326, ¶ 7 (9th Dist.), citing *State v. Rue*, 2020-Ohio-6706, ¶ 20. To the contrary, a trial court does not lose authority over contempt proceedings. *See Malson v. Berger*, 2005-Ohio-6987, ¶ 7 (9th Dist.).

{¶12}   At issue before the trial court at the July 2025 hearing was whether Mr. Taylor had violated the terms of his community control. The proper procedure for punishing an offender for a community control violation is governed by R.C. 2929.25, not a contempt hearing. *Serrano* at ¶ 28. The court in *Serrano* explained:

> This court long ago held that the proper procedure for punishing an offender for violation of probation is that governed by R.C. 2925.09, not a contempt hearing.
>
> . . .
>
> R.C. 2951.09 was repealed in January 2004 and governed revocation of probation in misdemeanor cases prior to the enactment of R.C. 2925.25. Although R.C. 2951.09 has been repealed, R.C. 2925.25(D)(2) now provides:
>
>> If an offender violates any condition of a community control sanction, the sentencing court may impose upon the violator one or more of the following penalties:
>>
>> (a)      A longer time under the same community control sanction if the total time under all of the community control sanctions imposed on the violator does not exceed the five-year limit specified in division (A)(2) of this section;
>>
>> (b)      A more restrictive community control sanction;
>>
>> (c)      A combination of community control sanctions, including a jail term.
>
> . . . Based upon the plain language of R.C. 2929.25(D)(2), courts cannot charge offenders who violate the conditions of their community control sanctions with criminal contempt.  If courts were permitted to charge and sentence offenders with criminal contempt for violating conditions of their community control sanctions,

courts could get around the maximum sentence offenders faced for their misdemeanor conviction . . . .

(Quotations and citations omitted.) *Serrano* at ¶ 28-30. We agree with the analysis and reasoning set forth in *Serrano.*

{¶13}  To the extent the trial court proceeded to address the alleged community control violations through contempt proceedings, we conclude that this was not the proper procedure. As set forth above, the procedure for punishing an offender for a community control violation is governed by R.C. 2925.25. *Serrano* at ¶ 28-29. Charging an offender who violates community control with criminal contempt is not one of the allowable penalties under R.C. 2925.25(D)(2).

{¶14}  To the extent the trial court intended for the July 2005 hearing to proceed as a community control violation proceeding, we conclude that the trial court lacked authority to revoke and modify Mr. Taylor's community control because the term of his community control had already ended. As previously set forth, a trial court lacks authority to initiate community control violation proceedings "after the term of community control has expired." *Hemphill* at ¶ 7. A defendant's community control may toll, but tolling does not occur unless the court's docket evidences that the defendant has absconded through motions to violate probation, capiases, warrants, or summonses that were filed before the community control period has ended. *See State ex rel. Hemsley v. Unruh*, 2011-Ohio-226, ¶ 13 ("the court was authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration.")

{¶15}  There is no dispute that the trial court did not commence the July 2025 community control violation proceedings until after the expiration of Mr. Taylor's term of community control. In making this concession, the State considered the warrant issued September 16, 2020, but

determined that only tolled Mr. Taylor's probation for 14 days, until April 7, 2025. Thus, Mr. Taylor's community control expired on that date. Accordingly, the trial court lacked authority to proceed with community control violations proceedings.

{¶16} Mr. Taylor's first assignment of error is, accordingly, sustained and the matter is remanded to the trial court for further proceedings consistent with this opinion.

## ASSIGNMENT OF ERROR II

**[] THE TRIAL COURT VIOLATED [MR.] TAYLOR'S DUE-PROCESS RIGHTS BY FINDING HIM GUILTY OF INDIRECT CRIMINAL CONTEMPT WITHOUT PROVIDING HIM NOTICE OF THAT CHARGE AND WITHOUT THE GOVERNMENT PRESENTING SUFFICIENT EVIDENCE PROVING ALL ELEMENTS OF THE OFFENSE.**

{¶17} Mr. Taylor argues in his second assignment of error that the trial court violated his due process rights. Based on our resolution of the first assignment of error, this assignment of error is moot and this Court declines to address it for that reason. App.R. 12(A)(1)(c).

III.

{¶18} Mr. Taylor's first assignment of error is sustained. His second assignment of error is moot. The judgment of the Akron Municipal Court is reversed and remanded for the trial court to enter an order vacating the contempt finding.

Judgment reversed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

SCOT STEVENSON
FOR THE COURT

CARR, J.
CONCURS.

FLAGG LANZINGER, J.
DISSENTING.

{¶19} I respectfully dissent from the majority opinion.  Contempt proceedings and community control violation proceedings are separate, distinct proceedings.  *See State v. Black*, 2011-Ohio-1273, ¶ 17 (2d Dist.); *City of Bellevue v. Greer*, 2025-Ohio-5775, ¶ 27-29 (6th Dist.).  As the majority acknowledges, a "trial court loses authority to initiate proceedings based on alleged community control violations after the term of community control has expired." *State v. Hemphill*, 2022-Ohio-326, ¶ 7 (9th Dist.), citing *State v. Rue*, 2020-Ohio-6706, ¶ 20.  The same is not true for contempt proceedings.  *See Malson v. Berger*, 2005-Ohio-6987, ¶ 7 (9th Dist.) ("In addition to the statutory basis established by R.C. 2705.02, courts have inherent authority to punish disobedience of their orders through contempt proceedings.").

{¶20} Here, the trial court's journal entry captioned the underlying charge as "CONTEMPT OF COURT[.]"  Yet the majority characterizes the underlying proceedings as community control violation proceedings, *not* contempt proceedings.  In doing so, the majority summarily concludes that, "[t]o the extent the trial court proceeded to address the alleged community control violations through contempt proceedings, . . . this was not the proper procedure."  The majority then holds the trial court lacked authority to revoke and modify Taylor's community control because the City failed to initiate the community control violation proceedings before Taylor's term of community control expired.  While the City conceded this error on appeal, this Court is not bound by that concession.  *State ex rel. Steffen v. Myers*, 2015-Ohio-2005, ¶ 16 ("[N]o court may be bound by any . . . concession from the parties as to what the law requires.").

{¶21} I disagree with the majority's resolution of Taylor's first assignment of error because "courts have inherent authority to punish disobedience of their orders through contempt proceedings."  *Berger* at ¶ 7.  I would analyze the underlying proceedings accordingly.  I also disagree with the majority's resolution of Taylor's second assignment of error because it is solely premised upon the majority's resolution of Taylor's first assignment of error.  For these reasons, I respectfully dissent.

APPEARANCES:

JOSEPH SHELL, Attorney at Law, for Appellant.

BRIAN T. ANGELONI, Director of Law, and JACQUENETTE S. CORGAN, Assistant Director of Law, for Appellee.