DECISION AND JOURNAL ENTRY
{¶ 1} This is an appeal from a sentence of the Toledo Municipal Court. Appellant was found guilty of contempt of a court order issued on April 20, 2005. Appellant was sentenced to a suspended ten day term of incarceration, 125 hours of community service, and a $5,000 fine. For the reasons set forth below, this court affirms the sentence and judgment of the trial court.
 {¶ 2} Appellant, Richard A. Ross, sets forth the following two assignments of error:
 {¶ 3} "I. The trial court punished appellant for contempt beyond its statutory authority in its January 10, 2006 judgment entry.
 {¶ 4} "II. The trial court's punishment of appellant for contempt in its January 10, 2006 judgment entry was an abuse of its discretion."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. This case stems from an ongoing dispute between appellant and the city of Toledo arising from appellant's ownership of multiple single family residential properties in Toledo. Appellant owns approximately 15 single family residential properties located in the Byrne Hill Estates subdivision. The Byrne Hill neighborhood is located in close proximity to the University of Toledo.
 {¶ 6} Each of appellant's rental properties carries an R-2 residential zoning designation. As such, appellant is barred by Toledo Municipal Code Section 1103.16 from renting the properties to more than three unrelated persons.
 {¶ 7} Appellant's real estate rental business specializes in student rental housing. The rental homes were constructed in close proximity to the University of Toledo. Appellant's rental homes were designed dormitory-style, so as to contain many small bedrooms and house a maximum number of tenants. Appellant's student rental operation was conducted in lucrative fashion, with groups of students cumulatively paying as much as $1,500 per month to rent a single one of appellant's rental homes.
 {¶ 8} In 2003, the city of Toledo initiated action against appellant in the Toledo Municipal Housing Court to enjoin him from leasing his properties to unlawfully numerous groups of tenants, given the prohibition against it in Toledo Municipal Code Section 1103.16.
 {¶ 9} The trial court found appellant in violation of Toledo Municipal Code Section 1103.16. In an entry dated May 30, 2003, the trial court barred appellant from leasing his homes in the Byrne Hill Estates Subdivision to more than three unrelated persons. On June 5, 2003, a trial court hearing was conducted in which appellant was notified that he would face fines of $750 per violation if he failed to comply with the court order.
 {¶ 10} On August 26, 2003, the trial court held that appellant had breached the above described court order. Appellant had subsequently executed leases on virtually all of his rental units to more than three unrelated persons. Appellant persisted in unlawful leases and rental arrangements despite his awareness of Toledo Municipal Code Section1103.16 and despite a court order barring him from such conduct.
 {¶ 11} On September 8, 2003, the trial court imposed fines of $500 per day per property for appellant's contempt. Appellant was given until September 30, 2003, to come into compliance with the court order. In spite of another opportunity to comply with the law, appellant remained recalcitrant. Appellant persisted in defying the court order. Due to his systematic contemptuous conduct, he accumulated contempt citations and fines totaling $262,500.
 {¶ 12} On September 16, 2003, appellant appealed to this court in a case captioned, Richard A. Ross v. City of Toledo, 6th Dist. No. L-03-1181, 2004-Ohio-5900. This court affirmed the trial court.
 {¶ 13} On March 16, 2005, the Supreme Court of Ohio declined to exercise jurisdiction to consider appellant's appeal of our 2004 affirmation of the trial court in its contempt action against appellant. Given the Ohio Supreme Court's refusal to further review the matter, the trial court conducted another enforcement hearing on April 18, 2005.
 {¶ 14} In an order dated April 18, 2005, the court again ordered appellant to cease unlawfully leasing his properties to more than three unrelated persons. The matter was set for a compliance review hearing on September 26, 2005.
 {¶ 15} Prior to the September 26, 2005 compliance hearing, the city of Toledo secured the requisite court consent to conduct a follow-up inspection of appellant's properties. City inspectors needed to ascertain whether appellant had come into compliance with the law and related court order of April 18, 2005.
 {¶ 16} Appellant's petulance escalated upon notification of the pending city compliance inspections. Appellant promptly contacted his tenants in a transparent attempt to coax and pressure his tenants into making modifications to the interior appearance of their rental home to create a "sham" appearance that no more than three persons were living in each of the rental homes. Appellant manipulated his tenants into assisting his breach of the law. This deception quickly crumbled. The inspectors were not duped. Tenants were subpoenaed.
 {¶ 17} The compliance hearing was conducted on September 26, 2005. Tenant testimony confirmed that appellant continued to conduct his rental operation in an unlawful fashion and in direct contravention of the court order. Appellant knowingly housed unlawful numbers of tenants in the rental homes despite repeated court orders to cease and comply with Toledo Municipal Code Section 1103.16.
 {¶ 18} Tenant testimony established that appellant had deliberately attempted to subvert the letter and intent of the court order by restricting the number of signatories on new lease agreements to three tenants while simultaneously enabling more than three tenants to reside in the rental homes.
 {¶ 19} Appellant was found in contempt of the court order. The unlawful leases were declared voidable at the request of the lessees. The trial court continued the case for sentencing until January 10, 2006. On January 10, 2006, appellant was sentenced to a suspended term of incarceration of ten days, 125 hours of community service, and a $5,000 fine. It is this sentence now being appealed by appellant.
 {¶ 20} In his first assignment of error, appellant asserts that the trial court erred in the sentence it imposed upon appellant. In support, appellant maintains that the trial court was restrained by statute to sentence appellant to a fine of not more than $250. Appellant contends the sentencing guidelines set forth in R.C. 2705.05 are mandatory in nature, thereby eliminating discretion of the trial court to deviate from these guidelines.
 {¶ 21} R.C. 2705.05(A)(1) sets forth the sentencing guidelines for a first offense of contempt as follows, "for a first offense, a fine of not more than $250, a definite term of imprisonment of not more than thirty days in jail, or both." Appellant was sentenced by the trial court to serve a suspended sentence of ten days incarceration, 125 hours of community service, and a $5,000 fine was imposed.
 {¶ 22} In order to determine the propriety of the trial court's sentence, in comparison with the guidelines set forth in R.C. 2705.05, we must determine whether those guidelines are mandatory, thereby eliminating judicial discretion to deviate from the guidelines.
 {¶ 23} Prevailing case law has consistently affirmed the sentencing principle in Ohio that Ohio trial courts possess both statutory and inherent authority when crafting a sentence for contempt of court. This court held in another real estate matter that courts' contempt punishment powers are derived both from R.C. 2705 and inherent judicial enforcement powers. State v. Gitler dba Peaceful Acres Mobile HomePark, 6th Dist. No. L-04-1082, 2004-Ohio-5897, ¶ 27. In another ruling equally relevant to our consideration of this issue, the Eighth District Court of Appeals specifically found trial courts are not bound by statutory penalty terms in imposing sanctions for contempt of court.In McDaniel v. Mt. Sinai Med. Ctr. (1991), 74 Ohio App.3d 577, the court expressly held, "while R.C. 2705.05 sets forth the penalties for contempt of court, a court may, pursuant to its inherent powers, punish a contemptuous refusal to comply with its order, without regard to the statutory penalties."
 {¶ 24} Appellant's assertion that the trial court was constrained by the sentencing guidelines of R.C. 2705.05 in sanctioning appellant is not well grounded. On the contrary, controlling precedent unequivocally establishes the full discretion of the trial court to craft a sanction without regard to those statutory penalties. Appellant's first assignment of error is not well-taken.
 {¶ 25} In appellant's second assignment of error, he contends the trial court's contempt punishment of appellant was an abuse of discretion. In support, appellant goes to great lengths to present himself as being remorseful and contrite before the trial court. Appellant protests that, "he had no duty to lay bare his heart." That assertion would appear to refer to appellant's eleventh hour efforts to minimally accept accountability for his pattern of premeditated defiance of the court's orders.
 {¶ 26} We note that appellant only elected to accept some degree of responsibility for this debacle after systematically defying orders of the court, ignoring compliance opportunities, engaging in subterfuge acts intended to breach the court orders, and more importantly, only when an outcome adverse to appellant had become obvious.
 {¶ 27} This court has consistently affirmed the principle that it may not substitute its judgment for that of the trial court absent an abuse of discretion. State v. Baumgartner, 6th Dist. No. OT-02-029,2004-Ohio-3908, ¶ 44. It is axiomatic that an abuse of discretion finding demands more than a mere error of law or judgment. Such a finding requires that the trial court's attitude be so arbitrary or unconscionable that it is grossly violative of fact or logic.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 28} Our review of the record reveals appellant's systematic contemptuous conduct in response to orders of the court. While appellant offers dramatic protests that the disputed sanction will force him to, "the edge of financial collapse" and inexplicably interfere with the, "sacred duty to his wife and children," the record belies these hyperbolic claims.
 {¶ 29} The record demonstrates that appellant willfully engaged in a pattern of covert behavior clearly designed to circumvent the April 18, 2005 court order. In point of fact, appellant went to great lengths to breach orders of the court. For example, prior to a scheduled city compliance inspection, appellant contacted tenants at one of his properties and instructed them to rearrange their furniture, "making it look like there was only three people living in the house."
 {¶ 30} The record clearly reflects appellant's consistent pattern of contemptuous and deceitful actions in defiance of the court order. Appellant's attempt to portray the trial court's disputed sentence as victimizing him is wholly untenable. The record does encompass evidence of unconscionable conduct. It was not on the part of the trial court.
 {¶ 31} The record shows the trial court exhibited great restraint in ultimately sanctioning appellant with a ten day suspended sentence, community service, and a $5,000 fine. This sanction stands in sharp contrast to the $262,000 in accumulated fines not imposed, repeated unlawful acts by appellant, and numerous wasted opportunities granted by the court to appellant to comply.
 {¶ 32} There is no evidence in the record in support of the notion that the trial court sanction was arbitrary or unconscionable. On the contrary, the record shows that, based upon the facts and circumstances of this case, the ultimate sanction imposed by the trial court was notably fair and reasonable. Appellant's second assignment of error is not well-taken.
 {¶ 33} The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
Mark L. Pietrykowski P.J.
Thomas J. Osowik, J.
CONCUR.