OPINION
{¶ 1} Appellant, Alan D. Patton ("appellant"), filed this appeal seeking reversal of an order by the Franklin County Municipal Court finding him in contempt. For the reasons that follow, we affirm the trial court's decision. *Page 2 
 {¶ 2} Appellant was charged with one count of public indecency, a second-degree misdemeanor.[1] Appellant ultimately pled guilty to the charge, and the trial court sentenced appellant to 90 days of incarceration. The court suspended all 90 days, and placed appellant on probation for five years. Appellant's probation included a number of conditions, including the requirement that appellant attend and successfully complete counseling and sexual offender treatment at STOP, Inc. The entry setting forth the conditions of probation states, "[t]he Court will, as a consequence of any violation pursue contempt of court charges and/or revocation of any or all days suspended and reserves the right to run all possible days consecutively."
 {¶ 3} During an initial meeting with his probation officer, Melinda Brooks ("Brooks"), appellant was told he would need to allow STOP to conduct an assessment for the purpose of determining what type of counseling and treatment would be appropriate for his case. Appellant's assessment was to be conducted by STOP on June 7, 2006, but appellant cancelled the appointment on June 6, telling Brooks the reason for the cancellation was that he did not have the money to pay STOP at that time. At that point, Brooks informed the trial court that appellant had cancelled the appointment for financial reasons. Brooks then was able to make arrangements with STOP to allow appellant to be assessed without paying the cost up front. Brooks informed appellant that *Page 3 
this arrangement had been made and directed him to attend the assessment on June 7, 2006. Appellant did not keep the June 7, 2006 appointment.
 {¶ 4} During the interim period between the missed appointment and his next regularly scheduled meeting with Brooks, appellant expressed to Brooks that he did not want to comply with the conditions of probation because of the financial burden involved, and instead wanted to serve his suspended sentence. On June 9, 2006, when appellant arrived for his regularly scheduled meeting, Brooks served him with a notice that the court would hold a hearing for the purpose of deciding whether appellant should be held in contempt of court on June 21, 2006. The notice informed appellant of his right to be represented by counsel at the hearing, and the rights to present a defense and call witnesses on his behalf.
 {¶ 5} According to Brooks' testimony, appellant became agitated when informed that the court was not instituting proceedings to revoke his probation. Brooks contacted the court and was instructed to bring appellant before the court. The court then instructed appellant to bring financial information to Brooks at his next scheduled meeting on June 14, 2006, so the court could consider the financial burden that appellant believed made it impossible for him to comply with the conditions of probation. On June 10, 2006, appellant called Brooks and informed her that he would not be providing the financial information. On June 14, 2006, appellant attended the scheduled meeting with Brooks, at which he reiterated that he would not be supplying financial information, and would instead wait for the June 21, 2006 contempt hearing. *Page 4 
 {¶ 6} At the conclusion of the June 21, 2006 hearing, the court found appellant in contempt for failing to attend the STOP assessment, and ordered that he serve 30-days in the Franklin County Correctional Facility starting on June 30, 2006. The court informed appellant that he could avoid serving this time if he would attend the STOP assessment before that date. Appellant filed a notice of appeal, but informed the court he was electing not to stay enforcement of the sentence.[2]
 {¶ 7} In his notice of appeal, appellant sets forth a single assignment of error:
 The trial court erred in finding the Defendant in Contempt of Court for not following conditions of probation and sentencing him to jail for 30 days.
 {¶ 8} Initially, appellant argues that a sentencing entry imposing conditions of probation is not an order for purposes of finding contempt of court. In this case, the trial court treated this as an action for indirect contempt pursuant to R.C. 2705.02. That section provides, in relevant part:
 A person guilty of any of the following acts may be punished as for a contempt:
 (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer.
Chapter 2705 does not include definitions for the terms writ, process, order, rule, judgment, or command, nor does it include any provisions limiting from the scope of the chapter any specific types of writ, process, order, rule, judgment, or command. Thus, a *Page 5 
court's sentencing entry imposing conditions of probation would appear to be encompassed within the commonly understood definitions of those terms.
 {¶ 9} However, we must also consider the statutory provisions governing appellant's sentence. Appellant was ordered to serve his term of probation as a community control sanction pursuant to R.C. 2929.25, which allows a trial court imposing a sentence for a misdemeanor to, among other available actions:
 Impose a jail term under section 2929.24 of the Revised Code from the range of jail terms authorized under that section for the offense, suspend all or a portion of the jail term imposed, and place the offender under a community control sanction or combination of community control sanctions authorized under section 2929.26, 2929.27, or 2929.28 of the Revised Code.
R.C. 2929.25(A)(1)(b).
 {¶ 10} A term of probation is one of the nonresidential sanctions listed in R.C. 2929.27. R.C. 2929.25 also sets forth the action to be taken by the sentencing court when an offender violates any conditions of a community control sanction, stating that:
 * * *[T]he sentencing court may impose upon the violator a longer time under the same community control sanction if the total time under all of the community control sanctions imposed on the violator does not exceed the five-year limit specified in division (A)(2) of this section or may impose on the violator a more restrictive community control sanction or combination of community control sanctions, including a jail term. If the court imposes a jail term upon a violator pursuant to this division, the total time spent in jail for the misdemeanor offense and the violation of a condition of the community control sanction shall not exceed the maximum jail term available for the offense for which the sanction that was violated was imposed. * * * *Page 6 
R.C. 2929.25(C)(2).
 {¶ 11} The failure to include any mention of initiation of contempt proceedings as a possible action to be taken in response to a violation of a community control sanction does not necessarily answer the question of whether revocation of probation was the trial court's exclusive remedy in this case. Ohio appellate courts appear to have divided on the issue. Some courts have assumed that probation revocation proceedings are the sole remedy. See, e.g., State v. Smith, Mahoning App. No. 01 CA 187, 2002-Ohio-6710 ("The municipal court treated Smith's alleged failure to attend the counseling sessions as an act of contempt rather than a violation of probation. This was an error by the trial court.");City of Shaker Heights v. Hairston (Dec. 10, 1998), Cuyahoga App. No. 74435. Other courts have assumed that contempt proceedings could be used in such cases. See, e.g. State v. Daugherty (2006), 165 Ohio App.3d 115,2006-Ohio-240, 844 N.E.2d 1236 ("While Daugherty claims that the appropriate course of action for the court was to consider revocation of probation under Crim.R. 32.3, we do not understand him to argue that this was the only course open to the court. In other words, indirect contempt proceedings, if conducted properly, may have been appropriate."); State v. Deeds (Apr. 30, 1998), Coshocton App. No. 97 CA 21.
 {¶ 12} Unquestionably, the preferred method for dealing with actions such as those taken by appellant would be the institution of revocation proceedings. However, courts have traditionally been viewed as having very broad authority to use contempt proceedings to vindicate the authority of the court. Denovchek v. Board of Trumbull Cty. *Page 7 Commrs. (1988), 36 Ohio St.3d 14, 520 N.E.2d 1362. In the absence of any statutory provision limiting the use of contempt proceedings in cases where the court order or judgment being disobeyed is a sentencing entry, we are reluctant to impose such a limitation on the court's inherent authority.
 {¶ 13} In this case, the trial court informed appellant at the time of sentencing that his failure to abide by the conditions set by the court could result in the commencement of contempt proceedings against him, and there is nothing in the record indicating appellant's objection to that provision of the court's sentencing entry. Further, the record clearly establishes that appellant repeatedly refused to take even the initial steps to cooperate with the court's direction that he complete counseling and treatment. Even after appellant's probation officer made arrangements for appellant to attend the assessment without making payment up front, appellant refused to obtain the assessment. Then, when the court offered to consider financial information provided by appellant for the purpose of considering the financial burden on him, appellant refused to provide that information. Even at the conclusion of the hearing, the trial court informed appellant that he could purge himself of the contempt by attending the STOP assessment, but appellant continued to refuse to cooperate with the court.
 {¶ 14} Given these specific facts, we cannot say the trial court abused its discretion in this case by finding appellant in contempt of court for refusing to cooperate with the court's order. Nor can we say that the court abused its discretion by imposing 30-days of incarceration as the penalty. *Page 8 
 {¶ 15} We emphasize that the use of contempt proceedings is not without limitations, and thus should be used sparingly in situations where probation revocation or other sentencing provisions are available. In particular, we would closely consider any situation in which it appeared that a trial court was using contempt proceedings in an attempt to increase the maximum period of incarceration applicable for the offense in the underlying case. However, since in this case, the 30-days imposed for contempt is less than the maximum penalty of 90-days to which appellant could be sentenced for his underlying offense, that issue is not before us. Nor do we address the issue of whether any time served on a contempt citation in this situation would act to reduce the amount of time that could be imposed on the underlying sentence.
 {¶ 16} For the reasons stated, we overrule appellant's assignment of error, and affirm the decision of the Franklin County Municipal Court.
Judgment affirmed.
BROWN and FRENCH, JJ., concur.
[1] We note that the entry constituting the final order in this case refers to two separate trial court case Nos: 2006 CRB 002867 and 2006 CRB 004425. The notice of appeal also refers to both case numbers, but the record transmitted only contains the record in case No. 2006 CRB 002867, and no separate court of appeals case number was assigned to case No. 2006 CRB 004425.
[2] There is nothing in the record to indicate that appellant actually served the sentence. *Page 1