[Cite as *Toledo v. Whitfield*, 2018-Ohio-667.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio/City of Toledo

     Appellee

v.

Mitchell Whitfield

     Appellant

Court of Appeals No. L-17-1083

Trial Court No. CRB-17-01144


**DECISION AND JUDGMENT**

Decided: February 23, 2018

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellee.

Stephen D. Long, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Mitchell Whitfield, appeals from the March 15, 2017 judgment of

the Toledo Municipal Court convicting him of violating R.C. 2923.02, attempt to commit

an offense, following acceptance of his no contest plea, and sentencing him. Appellant

also appeals from the court's April 13, 2017 judgment denying his motion to withdraw his plea of no contest. For the reasons which follow, we reverse.

{¶ 2} A complaint was filed against appellant charging him with two counts of assault, in violation of R.C. 2903.13(A). On the day set for appellant's trial, after his motion for a continuance was denied, a plea agreement was presented. The prosecution and defense agreed to appellant entering pleas of no contest to reduced charges of attempted assault, both second degree misdemeanors. Defense counsel stated appellant would "consent to a finding, waive reading and call for explanation of circumstances." Thereafter, the trial court found appellant guilty and he was immediately sentenced and taken into custody.

{¶ 3} On March 31, 2017, appellant, pro se, sought to withdraw his plea asserting his innocence and that he was pressured into entering a plea. A hearing on the "motion" was held April 13, 2017, and the trial court explained to appellant the potential sentence he faced based on the charges. Appellant asserted his innocence, that he only spoke with the public defender for a few minutes, and that he never agreed to enter a plea. The trial court denied the motion because no manifest injustice was found.

{¶ 4} On appeal, appellant asserts the following single assignment of error:

THE TRIAL COURT ERRED IN FAILING TO INFORM APPELLANT OF THE EFFECT OF HIS PLEAS IN COMPLIANCE WITH CRIM.R. 11(E).

2.

{¶ 5} On appeal, appellant asserts that the trial court did not inform appellant, orally or in writing, of any of the effects of his pleas of no contest to the amended charges. Because the trial court did not comply with Crim.R. 11(E), appellant argues his pleas were not knowingly, voluntarily, and intelligently made and are, therefore, void.

{¶ 6} A no contest plea must be made knowingly, intelligently, and voluntarily to be valid under both the United States and Ohio Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996); *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Crim.R. 11 was adopted to provide trial courts with procedures to follow when accepting pleas to ensure there is a record of the plea and that the plea is enforceable. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7.

{¶ 7} The rule sets forth the "trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 6, citing *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 25. Civ.R. 11(E) governs the trial court's obligations regarding misdemeanor cases involving petty offenses and provides in pertinent part that "the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea * * *."

{¶ 8} The Ohio Supreme Court has repeatedly stated, whether the rights involved are constitutional or nonconstitutional, literal compliance with Crim.R. 11(C), (D), and (E)

3.

is the proper means to ensure that a defendant's guilty or no contest plea is knowingly, intelligently, and voluntarily made. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 19, fn. 2. When literal compliance has not occurred, the reviewing court must determine if the trial court fulfilled the purposes of the rule. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 30. If the court did not literally comply with the rule, the appellate court must determine the significance of the failure and the remedy. *Id.*; *Veney* at ¶ 14.

{¶ 9} There are different levels of acceptable compliance dependent upon whether the rights involved are constitutional or unconstitutional. *Clark* at ¶ 31; *Veney*. The "right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance." *See Griggs* at ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). However, if a trial court completely fails to comply with Crim.R. 11 in any regard, whether constitutional or non-constitutional rights are involved, there is no need to demonstrate prejudice because it can be presumed that a knowing, intelligent, and voluntary plea could not have been made and the plea must be vacated. *Clark*; *Veney* at ¶ 32.

{¶ 10} In the case before us, there was no compliance with Crim.R. 11(E) because the trial court never addressed the defendant and informed him of the effect of the plea he was entering. Therefore, we find appellant's sole assignment of error well-taken.

{¶ 11} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Toledo Municipal

4.

Court is reversed, appellant's plea is vacated, and this case is remanded to the trial court for further proceedings. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.