[Cite as *State v. Hudson*, 2025-Ohio-5258.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio/City of Toledo | Court of Appeals No.  L-24-1230 |
| Appellee | Trial Court No.  TRD-20-08413 |
| v. | |
| Kerri Hudson | **DECISION AND JUDGMENT** |
| Appellant | Decided: November 21, 2025 |

* * * * *

Rebecca Facey, City of Toledo Prosecuting Attorney, and
Jimmie Jones, Assistant Prosecuting Attorney, for appellee.

Joseph Sobecki, for appellant.

* * * * *

**OSOWIK, J.**

*Facts and Procedural History*

{¶ 1} At the outset, we will note that although this case involves two consolidated trial cases, this appeal only involves TRD-20-08413.

{¶ 2} In that case, appellant Kerri Hudson was issued a traffic citation on August

10, 2020, alleging a violation of R.C. 4511.21A, Speed and Assured Clear Distance and R.C. 4510.11 Suspended Driver License.

{¶ 3} On August 28, 2024, pursuant to a plea agreement with the prosecution, appellant entered a plea of no contest to a violation of R.C. 4510.11, Driving Under Suspension.

{¶ 4} Appellant was sentenced to 180 days in work-release with 150 days suspended and ordered to pay $500 in restitution.

{¶ 5} At the plea hearing, the following exchange took place:

Mr. SHEEHAN:     Let me grab the parties from the hallway.  Judge, if we could start     with the TRD-2020 case.
THE COURT:      Okay.
MR. SHEEHAN:     Mr. Davenport. I do have listed other driver as well as witness       present.  There was a $500 deductible put forth previously. We do have a         resolution.
THE COURT:       Let me just double check. August 10 of 2022? That's correct - -     okay, it's marked no accident. That's why I'm just double checking.
MR. SHEEHAN:    Understood.
THE COURT:      Okay, all right, go ahead.
MR. SHEEHAN:    Judge, at this time there would be a plea to Count 1, the driving     under suspension, as charged. That would be stipulated to with a $500 amount for      restitution of a deductible. Upon that plea and stipulation, City would off docket any remaining counts on that file. It is in consent with victim and witness who are present.
MR. STEBBINS:    We appreciate that, Your Honor. We tender a plea of no contest,     consent to a finding of guilt. Waive reading and call for explanation of        circumstances and consent there's a factual basis for a finding of guilt and waive a         presentation of evidence on the record. Stipulate that my client would be willing to      pay a $500 deductible as soon as humanly possible.

{¶ 6} The record of the proceedings then reflects a discussion between the court, counsel, the prosecutor as well as several of the other drivers involved with this case as

2.

well as the TRD-24-05720 case that is not the subject of this appeal.

{¶ 7} Ultimately, the court proceeded to sentencing without informing the defendant of the effect of the plea of her no contest plea.

<u>Assignment of Error</u>

THE TRIAL COURT ERRED BY ACCEPTING APPELLANT'S NO CONTEST PLEA WITHOUT INFORMING THE APPELLANT OF THE EFFCT OF THE NO CONTEST PLEA; THEREFORE, APPELLANT'S PLEA IN CASE NUMBER TRD-20-08413 WAS NOT ENTERED KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY.

{¶ 8} Appellant argues that she pled no contest to a violation of R.C. 4510.11in case number TRD-20-08413. That offense is classified as a first degree misdemeanor. As such, it is further considered to be a "petty offense" subject to the admonitions of Crim.R 11( E) before the trial court could accept her plea.

{¶ 9} The appellee concedes that the trial court did not comply with the Traf.R.10 advisements prior to accepting the appellant's no contest plea.  Pursuant to *State v. Watkins*, 2003-Ohio-2419, the plea and sentence must be vacated and the case remanded to the trial court for further proceedings.

<u>Law and analysis</u>

{¶ 10} A violation of R.C. 4510.11, Driving Under Suspension, is a traffic violation. As such, the Ohio Traffic Rules, rather than the Ohio Rules of Criminal Procedure, are applicable in this case. *Id.*at ¶ 10.  Whoever violates R.C. 4510.11 is guilty of a misdemeanor of the first degree.  R.C. § 4510.11 (D)(1).

{¶ 11} Traf.R. 10 addresses pleas and a defendant's rights when pleading. Traf.R. 10(D) addresses misdemeanor cases involving petty offenses. A "petty offense" is

3.

defined in Traf.R. 2 as an offense for which the penalty prescribed by law includes confinement for six months or less. It is undisputed that appellant's offense was a petty offense. Traf.R. 10(D) reads:

> In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.

{¶ 12} The effect of a no contest plea is defined in Traf.R. 10(B)(2)which states:

> The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding. Traf.R 10(D).

{¶ 13} Courts have recognized, however, that Traf.R. 10(D) and Crim.R. 11(E) which addresses pleas in misdemeanor (non-traffic) cases involving petty offenses are identical in all relevant respects and, therefore, cases analyzing a court's duties under Crim.R. 11(E) can also be applied to cases analyzing Traf.R. 10(D). *Toledo v. Blackshear*, 2020-Ohio-1233, ¶ 26 (6th Dist.).

{¶ 14} Relevantly, Crim.R 11(E ) states:

> (E) Misdemeanor Cases Involving Petty Offenses. In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.  Ohio Crim. R. 11

{¶ 15} Further, Crim.R 11(B) (2) is identical in language to Traf.R. 10(B)(2) with respect to a no contest plea:

4.

(B) Effect of Guilty or No Contest Pleas. With reference to the offense or offenses to which the plea is entered:
(1) The plea of guilty is a complete admission of the defendant's guilt.
(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.
(3) When a plea of guilty or no contest is accepted pursuant to this rule, the court, except as provided in divisions (C)(3) and (4) of this rule, shall proceed with sentencing under Crim.R. 32.   Ohio Crim. R. 11

{¶ 16} We have consistently held that if a trial court completely fails to comply with Crim.R. 11 in any regard, whether constitutional or non-constitutional rights are involved, there is no need to demonstrate prejudice because it can be presumed that a knowing, intelligent, and voluntary plea could not have been made and the plea must be vacated. *State v. Whitfield*, 2018-Ohio-667, ¶ 7-11 (6th Dist.), *State v. Bourn*, 2018-Ohio-2040, ¶ 7 (6th Dist.), *Toledo v. Rosas*, 2025-Ohio-5022 ¶ 18 (6th Dist.).

{¶ 17} In the case before us, the record establishes that there was no compliance with Crim.R. 11(E) by the trial court before accepting the no contest plea of appellant. The trial court never addressed the defendant and informed her of the effect of the plea that she was entering. Therefore, we find appellant's sole assignment of error well-taken.

## Conclusion

{¶ 18} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Toledo Municipal Court is reversed, appellant's plea and sentence is vacated, and this case is remanded to

5.

the trial court for further proceedings. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.  A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.

Judgment reversed and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Myron C. Duhart, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.